**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WILLIAM SADOWSKI, | ) | NO. CV 12-10623-PSG(E) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER ACCEPTING FINDINGS, |
| | ) | |
| RANDY GROUNDS, Warden, | ) | CONCLUSIONS AND RECOMMENDATIONS OF |
| | ) | |
| Respondent. | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| _____ | ) | |

        Pursuant to 28 U.S.C. section 636, the Court has reviewed the
Petition, all of the records herein and the attached Report and
Recommendation of United States Magistrate Judge.  Except as otherwise
stated herein, the Court accepts and adopts the Magistrate Judge's
Report and Recommendation.  As explained below, however, the Court
rejects the Report and Recommendation in part, and makes certain
additional findings and conclusions:


        **1.  Delete the textual material commencing on page two at line 15
with the word "Therein" and ending on page three, line 22 with the
word "reversal."**

2.  At page three, line 25, insert ("the original Petition") after the date, delete the remainder of that paragraph which commences at page three, line 25 with the word "Therein" and ends at page 4, line 2, and insert the following:

The original Petition contained the following claims:

1.  The "overwhelming" presence of uniformed police officers at trial, and certain actions by the officers, allegedly violated Petitioner's rights to due process and a fair trial (Claim One);

2.  Petitioner's trial counsel allegedly rendered ineffective assistance by: (1) failing to call Petitioner's treating psychiatrist as a witness; and (2) failing to present evidence regarding Petitioner's disability payments (Claim Two);

3.  The prosecutor allegedly committed misconduct during the guilt phase of Petitioner's trial, by allegedly appealing for sympathy for the victim's family and by allegedly violating the "Golden Rule" by asking the jurors to put themselves in the victim's position; the prosecutor also allegedly committed misconduct during the sanity phase by misstating the law and the facts, disparaging defense counsel and vouching for witnesses; Petitioner's counsel allegedly rendered ineffective assistance by failing to object to some of the asserted prosecutorial misconduct; Petitioner's appellate counsel allegedly rendered ineffective assistance by failing to raise on appeal the alleged prosecutorial misconduct in assertedly violating the "Golden

Rule," vouching and disparaging defense counsel (Claim Three);

4.   The trial court allegedly violated Petitioner's constitutional rights to due process and a fair trial by assertedly failing to give complete instructions at the sanity phase; Petitioner's trial counsel allegedly rendered ineffective assistance by failing to object to this alleged instructional error; Petitioner's appellate counsel allegedly rendered ineffective assistance by failing to raise the alleged instructional error on appeal (Claim Four);

5.   The evidence allegedly was insufficient to support the jury's finding that Petitioner was sane when he committed the offenses (Claim Five);

6.   Petitioner's sentence allegedly violated the Eighth Amendment (Claim Six); and

7.   Cumulative error allegedly warrants habeas relief (Claim Seven).

**3.  Delete textual material commencing at page four, lines 3-6 beginning with "Respondent moved" and ending with "motion to dismiss." Insert the following:**

On March 27, 2013, Respondent filed a "Motion to Dismiss Petition, etc.," contending that the Petition was mixed because Claims Two, Four, Six and Seven of the Petition allegedly were

unexhausted and Claims One and Three allegedly were partially unexhausted.  On April 25, 2013, Petitioner filed an "Opposition to Respondent's Motion to Dismiss; Motion to Stay and Abey, etc.," in which Petitioner did not challenge Respondent's contention that the Petition was mixed.[1]  Rather,

**4.  On page four, at line 9, add the following after the citation to *Kelly v. Small*:**

*cert. denied*, 548 U.S. 1042 (2003), *overruled on other grounds, Robbins v. Carey,* 481 F.3d 1143 (9th Cir. 2007)

**5.  On page four, at line 16, change "unexhausted" to "exhausted"**

**6.   On page four, at line 17, add the following after the citation to *King v. Ryan*:**

*cert. denied,* 558 U.S. 887 (2009)

**7.  On page four, delete the sentence at lines 21-23 beginning with "Accordingly" and insert the following:**

On October 16, 2013, Petitioner filed a First Amended Petition.
///

---

[1]    Petitioner asserted that "most" of the claims in Claims One and Three were exhausted and that his Superior Court petition alleged "the unexhausted claims in Grounds I, II, III, IV, VI and VII" ("Opposition to Respondent's Motion to Dismiss; Motion to Stay and Abey, etc.," p. 7).

8.   On page four, at lines 26-27, delete "before Petitioner's federal petition was stayed" and add the following:

before this Court stayed the federal Petition and before Petitioner filed the First Amended Petition

9.   On page five, at line 19, replace the comma with a period, delete the remainder of the sentence in lines 19-20, and add:

This petition, which contained Petitioner's unexhausted claims, was denied by the California Supreme Court on May 14, 2014.

10.   On page five, after the conclusion of the paragraph at lines 21-23, insert the following:

The Second Amended Petition asserts the same claims raised in the original Petition, including Petitioner's newly exhausted claims.

11.   On page six, at line two, delete "THE KELLY STAY" and insert the heading "RELATION BACK"; thereafter insert a new subheading "I. Governing Legal Standards";

12.   On page seven, at line 15, insert the following footnote after "independently timely":

Petitioner does not contend, and the record does not show, that any of Petitioner's newly exhausted claims are

1  independently timely.

2

3  **13.  On page seven, at line 17, delete "first amended petition"**

4  **and substitute "original Petition" with the following footnote.**

5

6  Because, for reasons discussed in Section III below, the

7  statute of limitations expired prior to the filing of the First

8  Amended Petition on October 16, 2013, Petitioner's newly

9  exhausted claims are timely only if they relate back to exhausted

10  claims contained in the <u>original</u> Petition.

11

12  **14.  On page seven, at line 25, insert the following after the**

13  **citation to *Hebner v. McGrath*:**

14

15  *cert. denied*, 557 U.S. 906 (2009)

16

17  **15.  Delete the textual material on pages eight through eleven**

18  **and add the following subheading and text:**

19

20  **II.   <u>Identification of Exhausted Claims in the Original Petition</u>**

21

22  Before discussing the relation back issues, the Court must

23  determine which claims asserted in the original Petition were

24  exhausted at the time the original Petition was filed.  *See King*

25  *v. Ryan*, 564 F.3d at 1142 (new claims can only relate back to

26  claims in the original petition which were exhausted at the time

27  of filing of that petition).

28  *///*

6

1    A federal court will not grant a state petitioner's petition

2    for writ of habeas corpus unless it appears that the petitioner

3    has exhausted available state remedies.  28 U.S.C. § 2254(b) -

4    (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v.*

5    *Boerckel,* 526 U.S. 838, 842 (1999).  The exhaustion requirement

6    seeks to avoid "the unseemliness of a federal district court's

7    overturning a state court conviction without the state courts

8    having had an opportunity to correct the constitutional violation

9    in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. at 844-

10   45 (citations, internal brackets and quotations omitted).

11   Exhaustion is considered on a "claim-by-claim" basis.

12   *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005).

13

14   State remedies have not been exhausted unless and until the

15   petitioner's federal claim has been fairly presented to the

16   highest state court.  *Carothers v. Rhay*, 594 F.2d 225, 228 (9th

17   Cir. 1979) (citations omitted); *see Castille v. Peoples*, 489 U.S.

18   346, 350-51 (1989).  A claim has not been fairly presented unless

19   the petitioner has described in the state court proceedings both

20   the operative facts and the federal legal theory on which his or

21   her claim is based.  *Duncan v. Henry,* 513 U.S. 364, 365-66

22   (1995); *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *Davis v.*

23   *Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

24

25   Following the California Court of Appeal's decision

26   affirming Petitioner's conviction and sentence, *see People v.*

27   *Sadowski*, 2011 WL 2125039 (Cal. App. May 31, 2011), Petitioner

28   filed a petition for review in the California Supreme Court in

7

2011 (see original Petition, p. 3 & attachment).[2]  In the 2011
petition for review, Petitioner asserted the following claims:

1.   Trial for the death of a police officer in a courtroom
"filled with uniformed officers as a substantial spectator
presence" allegedly violated Petitioner's due process right to a
fair trial under the federal and state constitutions; one officer
held a door open for a juror and touched a juror as if to escort
her contributing to a "substantial police presence" which
violated Petitioner's constitutional rights;

2.   The prosecutor allegedly committed misconduct by:
(a) disparaging defense counsel; (b) misstating the law and the
facts; and (c) appealing to the sympathy of the jury;

3.   The evidence allegedly was insufficient to show that
Petitioner was sane at the time of the offenses; and

4.   Petitioner's sentence allegedly violated the California
constitution.

Claim One of the original federal Petition was partially
unexhausted.  Petitioner exhausted that portion of Claim One
alleging that the presence of uniformed officers in the courtroom
and an officer's act of holding a door for a juror and touching a

---

[2]   The Court refers to this petition as the "2011 petition
for review" because Petitioner also filed a petition for review
in the California Supreme Court in 2014 (see Second Amended
Petition, p. 4).

1   juror as if to escort her assertedly violated Petitioner's

2   constitutional rights.  However, in the original Petition

3   Petitioner also alleged subclaims that the officers assertedly

4   stood in the hallway talking within earshot of jurors, stared at

5   the jury and stood as the jury entered, and that one officer

6   glared at Petitioner's sister.  Petitioner did not present these

7   subclaims to the California Supreme Court in the 2011 petition

8   for review.  Therefore, these additional subclaims were not

9   exhausted.

10

11     Petitioner did not assert his claims of ineffective

12   assistance of counsel in his 2011 petition for review.

13   Accordingly, Claim Two of the original Petition was unexhausted.

14

15     With respect to Claim Three of the original Petition,

16   Petitioner's 2011 petition for review alleged that the prosecutor

17   committed misconduct by disparaging defense counsel, misstating

18   the law and the facts and appealing to the sympathy of the jury

19   by asking jurors for sympathy for the victim's family while

20   turning towards the family members.  However, the 2011 petition

21   for review did not allege the subclaim that the prosecutor

22   violated the "Golden Rule" by asking the jurors to put themselves

23   in the victim's position.  With respect to the subclaim of

24   alleged prosecutorial vouching, although the 2011 petition for

25   review did allege that the prosecutor vouched for the credibility

26   of her contention that Petitioner was not insane and vouched by

27   describing her personal experience in walking, the 2011 petition

28   for review did not allege that the prosecutor vouched for

witnesses.   The 2011 petition for review also did not allege claims of ineffective assistance of trial or appellate counsel in connection with the alleged prosecutorial misconduct.   Hence, these subclaims of Claim Three in the original Petition were unexhausted.

In the 2011 petition for review, Petitioner did not allege any claim of instructional error or ineffective assistance of counsel in connection with alleged instruction error.   Therefore, Claim Four of the original Petition was unexhausted.

The 2011 petition for review contained the same claim of evidentiary insufficiency asserted in Claim Five of the original Petition.   Consequently, Claim Five of the original Petition was exhausted.

With respect to Claim Six of the original Petition, alleging an unconstitutional sentence, Petitioner asserted this claim in his 2011 petition for review only as a claim of <u>state</u> constitutional error.   Because Petitioner did not assert a federal constitutional challenge to his sentence in his 2011 petition for review, Claim Six of the original Petition was unexhausted.   *See Duncan v. Henry,* 513 U.S. at 365-66 (claim of error in California Supreme Court petition based solely on state law did not suffice to exhaust claim that same error violated the federal constitution).

///

Finally, with respect to Claim Seven, Petitioner did not

assert any claim of cumulative error in his 2011 petition for review.  Claim Seven of the original Petition was unexhausted. *See* *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008), *cert. dism'd,* 555 U.S. 1040 (2008), *and cert. denied*, 556 U.S. 1285 (2009) ("Wooten did not exhaust his cumulative error claim in the California Supreme Court by presenting it to the California Court of Appeal or because it was so 'intertwined' with his exhausted claims.").

In sum, the original Petition contained the following <u>exhausted</u> Claims:

The portion of Claim One alleging that the presence of uniformed officers in the courtroom and an officer's act of holding a door for a juror and touching a juror as if to escort her assertedly violated Petitioner's constitutional rights;

The portion of Claim Three alleging the prosecutor committed misconduct by disparaging defense counsel, misstating the law and the facts and appealing to the sympathy of the jury by asking jurors for sympathy for the victim's family while turning towards the family members; and

The challenge to the sufficiency of the evidence alleged in Claim Five.

///

///

11

### III. **Relation Back of Newly Exhausted Claims Contained in the Second Amended Petition**

As indicated previously, a claim in an amended petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Hebner v. McGrath*, 543 F.3d at 1138; *see Mayle v. Felix*, 545 U.S. at 660-61. To relate back, the facts supporting an unexhausted claim must share a common core of facts similar in time and type to the facts supporting an exhausted claim. *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

### **Claim One**

Here, the newly exhausted portions of Claim One (that at trial the spectator police officers assertedly talked within earshot of jurors, stared at the jury and stood as the jury entered, and that one officer glared at Petitioner's sister) are factually similar in time and type to the facts supporting Petitioner's exhausted claim that the presence of the officers at trial assertedly denied Petitioner a fair trial. Accordingly, these claims relate back to the time of filing of the original Petition.

///
///
///
///

**Claim Two**

Claim Two, which alleges ineffective assistance of counsel in failing to call Petitioner's treating physician and failing to present evidence of Petitioner's disability payments, does not share a common core of facts similar in time and type to the facts of any of Petitioner's exhausted claims contained in the original Petition.  Claim Two does not relate back to any exhausted claim in the original Petition.

**Claim Three**

With respect to the newly exhausted portions of Claim Three, Petitioner's subclaim that the prosecutor allegedly violated the "Golden Rule" in closing argument by asking the jurors to put themselves in the victim's position is based on facts different from those supporting Petitioner's claim that the prosecutor assertedly appealed to the sympathy of the jury by asking jurors for sympathy for the victim's family.  This subclaim does not relate back.  See *Reiswig v. Fakhoury*, 2013 WL 3779679, *12 (C.D. Cal. July 18, 2013) (new claims of prosecutorial misconduct based on facts different from prosecutorial misconduct claims in timely petition did not relate back).

With respect to the vouching subclaim contained in Ground Three, the exhausted vouching claim in the original Petition asserted that the prosecutor vouched for the credibility of her contention that Petitioner was not insane and vouched by

describing her personal experience in walking.  This claim differs factually from Petitioner's newly exhausted claim that the prosecutor allegedly vouched for the credibility of witnesses.  *Cf. United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007) (citation and internal quotations omitted) ("Improper vouching typically occurs in two situations: (1) the prosecutor places the prestige of the government behind a witness by expressing his or her personal belief in the veracity of the witness, or (2) the prosecutor indicates that information not presented to the jury supports the witness's testimony.").

Petitioner's claims of ineffective assistance of counsel with respect to the subclaims in Ground Three that the prosecutor allegedly committed misconduct by disparaging defense counsel, misstating the law and the facts and appealing to the sympathy of the jury by asking jurors for sympathy for the victim's family relate back to the corresponding claims of prosecutorial misconduct alleged in the original Petition.  *See Ha Van Nguyen v. Curry*, 736 F.3d at 1297 (claim of ineffective assistance of appellate counsel in failing to raise double jeopardy claim on appeal related back to substantive double jeopardy claim).  However, Petitioner's other newly exhausted claims of ineffective assistance of counsel in connection with alleged prosecutorial misconduct do not relate back.

///

///

///

///

14

**Claim Four**

Claim Four, alleging instructional error and corresponding ineffective assistance of counsel, does not relate factually in time and type to any of Petitioner's exhausted claims contained in the original Petition.  Thus, Claim Four does not relate back.

**Claim Six**

Claim Six asserts a federal Eighth Amendment challenge to Petitioner's sentence based on the same factual allegations supporting the state constitutional challenge to Petitioner's sentence contained in the original Petition.  As discussed above, Claim Six in the original Petition was unexhausted because Petitioner's previous state court challenge to his sentence had been based solely on state constitutional law.  Claim Six in the Second Amended Petition does not share any "common core of operative facts" with any of the exhausted claims in the original Petition.  Accordingly, Claim Six does not relate back.

**Claim Seven**

Claim Seven, alleging cumulative error, relates back only insofar as it concerns asserted errors which themselves were alleged in the original Petition.  *See Nordlof v. Clark*, 2010 WL 761294, at *10 (N.D. Cal. Mar. 3, 2010); *Frazier v. Farmon*, 2007 WL 2019546, at *25 (E.D. Cal. July 9, 2007).

///

In sum, the following newly exhausted claims do <u>not</u> relate back to the date of filing of the original Petition: (1) Claim Two; (2) the newly exhausted subclaims contained in Claim Three, except for Petitioner's claims of ineffective assistance of counsel with respect to the alleged prosecutorial misconduct asserted in the original Petition; (3) Claim Four; (4) Claim Six; and (5) Claim Seven to the extent the alleged cumulative error is based on newly exhausted claims not alleged in the original Petition.

**16. On page thirteen, at line 3, delete the remainder of the paragraph after the date "June 19, 2014," insert a comma after the date and add the following:**

when the Court granted Petitioner's motion for leave to file the Second Amended Petition. Consequently, absent tolling or application of an equitable exception, Petitioner's newly exhausted claims which do not relate back to the time of filing of a timely petition are barred by the statute of limitations.

**17. On page thirteen, at line 8, insert the following after the citation to *Gaston v. Palmer*:**

*modified,* 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 549 U.S. 1134 (2007);

///

///

18. On page thirteen, at line 12, insert the following after the citation to *Nino v. Galaza:*

*cert. denied*, 529 U.S. 1104 (2000)

19. On page thirteen, at lines 13-15, delete the brackets in the quotation, delete the citation to *Delhomme v. Ramirez* and the accompanying parenthetical and add the following:

*Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir. 2008) (citation and internal quotations omitted)

20. On page thirteen, at lines 17-18, delete the citations and add the following:

*Id.* at 734

21. On page thirteen, at line 28, replace the citation to Velasquez v. Kirkland with:

*Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir). *cert. denied,* 132 S. Ct. 554 (2011).

22. On page fourteen, at line 11, add the following after the citation to *Ferguson v. Palmateer:*

*cert. denied*, 540 U.S. 924 (2003)

///

23.  On page fourteen, omit the paragraph at lines 21-22 and add the following:

> Because Petitioner is not entitled to statutory tolling for the period after the Superior Court's August 30, 2013 denial of Petitioner's habeas petition filed in that court, the limitations period resumed running on August 31, 2013 and expired six days later.  Absent equitable tolling or an equitable exception to the statute of limitations, Petitioner's newly exhausted claims contained in the Second Amended Petition which do not relate back to the filing of the original Petition are untimely.

24.  On page fifteen, at line 1, delete the period and insert the following after the citation:

*cert. denied*, 537 U.S. 1003 (2002).

25.  On page fifteen, at line 8, insert the word "allegedly" before "neglected" and on line 13, insert the word "alleged" before "failure"

26.  On page fifteen, at line 24, delete "Applying this test," delete "routinely" and capitalize "district"

27.  On page sixteen, at line 6, delete the words "generally hold" and substitute "have held"

///

28.   On page sixteen, at line 15, add the following after the citation:

*adopted*, 2004 WL 1109758 (E.D.Pa. Apr. 30, 2004)

29.   On page sixteen, at line 20, delete "a minority of courts" and substitute "some courts"

30.   On page sixteen, at line 24, insert the following after the citation to *Coffin v. Cate:*

*adopted,* 2013 WL 1314760 (E.D. Cal. Apr. 1, 2013)

31.   On page sixteen, at line 27, insert the following after the citation to *Kirk v. Felker*:

*adopted,* 2010 WL 2650722 (E.D. Cal. June 30, 2010)

32.   On page seventeen, at line 3, delete "Indeed, only" and capitalize "one"

33.   On page seventeen, delete the sentence beginning at line 27 and continuing on to page eighteen, line two.

34.   On page eighteen, at lines 14-15, delete the last sentence of the paragraph.

///

///

35.   On page eighteen, at line 22, insert the following after the citation:

*adopted*, 2013 WL 1092884 (D. Ariz. Mar. 15, 2013)

36.   On page nineteen, at line 12, delete the words "either check the Superior Court's website or"

37.   Change the citation to *Holland v. Florida* at page nineteen, line 28 and page twenty, line 1 to "560 U.S. at 651-52"

38.   Change the citation to Holland v. Florida at page 20 line 3 to "560 U.S. at 654"

39.   On page twenty, at line 9, insert the word "counsel" after "but"

40.   On page twenty, at line 10, insert the following after the citation to *Gibbs v. Legrand*:

*cert. denied*, 135 S. Ct. 1708 (2015)

41.   On page twenty, delete the sentence at lines 21-22 beginning with "Accordingly" and substitute the following text and footnote:

Accordingly, the Claims identified herein which do not
relate back to the filing of the original Petition are

///

///

1   untimely.[3]

2

3   **42.   Petitioner's Objections to the Report and Recommendation**

4

5   Two arguments Petitioner makes in his Objections to the Report

6   and Recommendation warrant further discussion.  First, Petitioner

7   faults the Magistrate Judge who issued the Report and Recommendation

8   for stating that Petitioner could have checked the Los Angeles County

9   Superior Court's website to determine the status of Petitioner's

10  habeas petition ("Objections to the Magistrate Judge's Report and

11  Recommendations, etc." ["Objections"], filed April 28, 2015, p. 4).

12  Petitioner contends the Los Angeles County Superior Court did not have

13  an accessible website until August 13, 2014 (id.).

14

15  Regardless of the alleged inaccessibility of a Superior Court

16  website at the time Petitioner's Superior Court petition was pending

17  in that court, Petitioner's counsel could have, and should have,

18  contacted the Superior Court clerk to determine the status of the

19  Superior Court petition before representing to this Court in a sworn

20  declaration that "as of November 18, 2013, the matter is still pending

21  in the Los Angeles Superior Court and no decision has been rendered."

22  Neither Petitioner nor his counsel has provided any satisfactory

23  explanation why counsel evidently did not contact the court clerk

24  before making this inaccurate factual representation.

25

26

27      [3]    Petitioner does not argue, and the record does not
    support, the applicability of the "actual innocence" equitable
28  exception to the habeas statute of limitations recognized in
    *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

21

1   Petitioner now asserts that contacting the court clerk was

2   somehow not feasible because Petitioner's case assertedly traveled

3   through several different courthouses within the Los Angeles County

4   Superior Court (see Objections, pp. 4-5).  This assertion ignores the

5   fact that Petitioner's counsel eventually did learn of the petition's

6   denial simply by making a phone call.  The alleged lack of

7   availability of the Superior Court's website during the "gap" between

8   the denial of the Superior Court petition and the filing of the

9   California Court of Appeal petition does not excuse counsel's (or

10   Petitioner's) lack of diligence in failing to inquire concerning the

11   status of the Superior Court petition.  Buttressing this conclusion

12   are counsel's admitted awareness of the possible unreliability of the

13   Superior Court's electronic notification system[4] and the ease with

14   which counsel finally made herself aware of the denial of the Superior

15   Court petition.

16   ///

17   Second, Petitioner suggests that statutory or equitable tolling

18   is warranted because Respondent assertedly failed to notify counsel or

19

20   _____

    [4]   In Petitioner's "Opposition to Respondent's Motion to
    Dismiss; Motion to Stay and Abey, etc.," filed April 25, 2013,
21   Petitioner's counsel stated:

22       Although the currently pending state [Superior
    Court] petition has tolled the federal time period
23   under 28 U.S.C. §2244(d)(2), Sadowski needs a stay
    because his federal one-year statute will expire six
24   days after the state court rules.  Accordingly, once
    the state court issues a ruling, Sadowski must file his
25   federal petition within six days.  Although the state
    court has an electronic notification system, the
26   electronic system may not be entirely reliable.

27   ("Opposition to Respondent's Motion to Dismiss; Motion to Stay
    and Abey, etc.," filed April 25, 2013, at p. 11) (emphasis
28   added).

Petitioner, after receiving the November 18, 2013 Status Report, that the Los Angeles County Superior Court previously had denied Petitioner's state habeas petition.  This argument also lacks merit. The obligation (as a matter of diligence) to inquire concerning the status of Petitioner's Superior Court petition was the obligation of Petitioner, not Respondent.  Respondent did not mislead Petitioner concerning the status of Petitioner's Superior Court petition.  There is no evidence to support Petitioner's contention that Respondent knew that the Superior Court had denied the petition but chose to "lie in wait" knowing that Petitioner was unaware of that denial (see Objections, p. 11).  Consequently, Petitioner's reliance on *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), is misplaced.

**43.   <u>Recommendation</u>**

The Court declines to adopt the "Recommendation" section (page twenty, line 25 through page 21, line 2) of the Report and Recommendation and issues the following order:

**ORDER**

The following Claims contained in the Second Amended Petition are denied and dismissed without leave to amend and with prejudice: (1) Claim Two; (2) the newly exhausted subclaims contained in Claim Three, except for Petitioner's claims of ineffective assistance of counsel with respect to prosecutorial misconduct alleged in the original Petition; (3) Claim Four; (4) Claim Six; and (5) Claim Seven to the extent the alleged cumulative error is based on newly exhausted

1  claims not alleged in the original Petition.

3        DATED: June 19, 2015.

6  _____
         PHILIP S. GUTIERREZ
7     UNITED STATES DISTRICT JUDGE